IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| REGIONAL LOCAL UNION NOS. 846 and 847, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO; REGIONAL DISTRICT COUNCIL WELFARE PLAN AND TRUST, *f/k/a LOCAL 846 REBAR WELFARE TRUST*, By and Through Its Board of Trustees; REGIONAL DISTRICT COUNCIL RETIREMENT PLAN AND TRUST, *f/k/a REBAR RETIREMENT PLAN AND TRUST*, By and Through Its Board of Trustees; REGIONAL DISTRICT COUNCIL TRAINING TRUST, *f/k/a LOCAL 846 TRAINING TRUST*, By and Through its Board of Trustees; REGIONAL DISTRICT COUNCIL VACATION TRUST FUND, *f/k/a LOCAL 846 VACATION TRUST*, By and Through Its Board of Trustees, | No. 3:22-cv-01473-HZ<br><br>OPINION & ORDER |

     Plaintiffs,

v.

LSRI, LLC d/b/a Lone Star Rebar Installers, a Texas Limited Liability Company,

     Defendant.

1 – OPINION & ORDER

Cary R. Cadonau
Brownstein Rask
1 SW Columbia Street, Suite 900
Portland, OR 97204

Michael A. Evans
Hartnett Reyes-Jones, LLC
4399 Laclede Avenue
St. Louis, MO 63108

      Attorneys for Plaintiffs

HERNÁNDEZ, District Judge:

      Plaintiff labor unions and employee benefit plans move for entry of default against Defendant LSRI, LLC, a Texas limited liability company, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. For the following reasons, the Court denies Plaintiffs' motion.

      Plaintiffs filed their complaint on September 30, 2022. Compl., ECF 1. The complaint alleges violations of provisions of a collective bargaining agreement between the Labor Union Plaintiffs and Defendant. *Id.* Plaintiffs allege that Defendant has failed to make contributions to the Employee Benefit Plan Plaintiffs and failed to remit check-off amounts of union dues to the Labor Union Plaintiffs. *Id.* ¶¶ 15-34. The return of service states that Defendant was served on October 6, 2022. Return of Service, ECF 5. After Defendant failed to appear or answer within 21 days of service, Plaintiffs moved for entry of default. Motion for Entry of Default, ECF 8.

      "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In order to be a "party," the person or entity against whom default is sought must have been properly served with the summons and complaint. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service

2 – OPINION & ORDER

of process."); *Cascade Pension Tr. v. Bates Indus., Inc.*, No. 6:16-cv-01068-AA, 2017 WL 1172104, at *1 (D. Or. Mar. 28, 2017) (granting motion for entry of default under Rule 55(a) after determining that service was proper and the defendant never appeared).

Federal Rule of Civil Procedure 4 governs service of the summons and complaint. A corporation, partnership, or other unincorporated association, such as an LLC, may be served in a judicial district of the United States in one of two ways. Fed. R. Civ. P. 4(h). First, service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Second, service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Plaintiffs have failed to show that service was proper. Their memorandum in support of their motion for default states that "Defendant was served with the complaint on October 6, 2022." Pl. Mem. 2, ECF 8-1. Plaintiffs did not submit a declaration regarding service, instead referring the Court to the return of service. *Id.* In her sworn affidavit of personal service, the process server affirms that she

> personally delivered a true and correct copy of the **Summons; Complaint; Civil Cover Sheet; and Civil Case Assignment Order** to **Lone Star Rebar Installers b/s Leo Castro**, the business owner, at the address of 4117 N. Rudd St. Burleson, Tx. 76028 on **October 6, 2022 at 5:14 PM** in the county of **Johnson** with the date of service endorsed thereon by me, and informed said person of the contents therein, in compliance with the Rules of Civil Procedure.

Return of Service. The summons lists the same address for Defendant. ECF 3. However, Plaintiffs' certificate of service on their motion for default lists Defendant's address as *417* N

3 – OPINION & ORDER

Rudd St., Burleson, TX 76028. Pl. Mot. 2 (emphasis added). The collective bargaining agreement appended to the complaint also lists the street number as 417, not 4117. Compl. Ex. A at 18. On the record before it, the Court cannot be confident that Defendant was properly served with the summons and complaint. Because Plaintiffs have failed to show proper service under Rule 4(h), default will not be entered. This decision is without prejudice as to a renewed motion for entry of default.

## CONCLUSION

Plaintiffs' Motion for Entry of Default [8] is DENIED.

IT IS SO ORDERED.

DATED: November 18, 2022.

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 – OPINION & ORDER