IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REGIONAL LOCAL UNION NOS. 846 and
847, International Association of Bridge,
Structural, Ornamental and Reinforcing
Iron Workers, AFL-CIO; REGIONAL
DISTRICT COUNCIL WELFARE PLAN AND
TRUST, *f/k/a LOCAL 846 REBAR WELFARE
TRUST*, By and Through Its Board of Trustees;
REGIONAL DISTRICT COUNCIL RETIREMENT
PLAN AND TRUST, *f/k/a REBAR RETIREMENT
PLAN AND TRUST*, By and Through Its Board of
Trustees; REGIONAL DISTRICT COUNCIL
TRAINING TRUST, *f/k/a LOCAL 846 TRAINING
TRUST*, By and Through its Board of Trustees;
REGIONAL DISTRICT COUNCIL VACATION
TRUST FUND, *f/k/a LOCAL 846 VACATION
TRUST*, By and Through Its Board of Trustees,

                          Plaintiffs,

v.

LSRI, LLC d/b/a Lone Star Rebar Installers, a
Texas Limited Liability Company,

                          Defendant.

No. 3:22-cv-01473-HZ

OPINION & ORDER

1 – OPINION & ORDER

Cary R. Cadonau
Brownstein Rask
1 SW Columbia Street, Suite 900
Portland, OR 97204

Michael A. Evans
Hartnett Reyes-Jones, LLC
4399 Laclede Avenue
St. Louis, MO 63108

     Attorneys for Plaintiffs

HERNÁNDEZ, District Judge:

     Plaintiff labor unions and employee benefit plans move under Federal Rule of Civil Procedure 55(b)(2) for an order compelling Defendant LSRI, LLC, to account for all amounts due and owing to Plaintiffs. For the following reasons, the Court denies Plaintiffs' motion.

     Plaintiffs' complaint alleges violations of provisions of a collective bargaining agreement ("CBA") between the Labor Union Plaintiffs and Defendant. ECF 1. The Employee Benefit Plan Plaintiffs are organized under the Employee Retirement Income Security Act ("ERISA"). *Id.* ¶¶ 2-5. Plaintiffs allege that Defendant has failed to make required contributions to the Employee Benefit Plan Plaintiffs and failed to remit check-off amounts of union dues to the Labor Union Plaintiffs. *Id.* ¶¶ 15-34. Defendant was served on October 6, 2022. Am. Affidavit of Personal Service, ECF 13. Defendant has failed to appear in this matter. The Court entered default at Plaintiffs' request on December 2, 2022. Order, ECF 16.

     Plaintiffs now move for "an order compelling defendant to account for all amounts due and owing to plaintiffs from the period of February 21, 2022 to the present, so that the Court can subsequently determine and adjudicate the amount of damages for that time period and enter judgment for that amount." Pl. Am. Mot. 2, ECF 15. Plaintiffs state that Defendant has not

submitted the monthly contribution report forms required by the CBA, and thus they cannot

determine how much Defendant owes without an audit. Pl. Mem. 2, ECF 15-1.

Federal Rule of Civil Procedure 55(b) governs entry of a default judgment. If the

plaintiff's claim is not for a sum certain, the plaintiff must apply to the court for a default

judgment. Fed. R. Civ. P. 55(b)(2).

> The court may conduct hearings or make referrals—preserving any federal
> statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

*Id.*

The decision to grant an application for default judgment is within the district court's

discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Courts in the Ninth Circuit

generally consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
> substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at
> stake in the action; (5) the possibility of a dispute concerning material facts; (6)
> whether the default was due to excusable neglect; and (7) the strong policy
> underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. The Ninth Circuit has implicitly endorsed the entry of partial default judgment.

*Dreith v. Nu Image, Inc.*, 648 F.3d 779, 781-82 (9th Cir. 2011) (affirming district court's

decision to enter default judgment with respect to liability but not damages).

In cases similar to the present matter, courts look to an applicable trust agreement to

provide the right to an audit. In *Santa Monica Culinary Welfare Fund v. Miramar Hotel

Corp.*, the Ninth Circuit held that the plaintiff employee benefit plan had the right to compel an

audit of the defendant employer's payroll records where the trust agreement pursuant to ERISA

provided the right to an audit. 920 F.2d 1491, 1493-94 (9th Cir. 1990). It did not matter that the

CBA was silent on the issue. *Id.* at 1493. The Ninth Circuit did not decide whether ERISA independently provided the right to an audit. *Id. See also Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 581 (1985) (same). Accordingly, district courts in the Ninth Circuit faced with motions to compel an audit or an accounting as part of a motion for default judgment in such matters have looked to a provision in the applicable trust agreement providing the right to an audit and defining the scope of that right. *E.g.*, *Trustees of Emp. Painters' Tr. v. Silverton Glass, LLC*, No. 3:20-CV-00902-YY, 2021 WL 2046447, at *5 (D. Or. Apr. 28, 2021), *report and recommendation adopted*, No. 3:20-CV-00902-YY, 2021 WL 2043212 (D. Or. May 21, 2021); *Boards of Trustees of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 2:21-CV-00200-MKD, 2022 WL 1243663, at *3 (E.D. Wash. Apr. 26, 2022); *Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1196-97 (C.D. Cal. 2018); *Bd. of Trustees v. RBS Washington Blvd, LLC*, No. C 09-00660 WHA, 2010 WL 145097, at *5 (N.D. Cal. Jan. 8, 2010) (granting request for audit of payroll account only, consistent with scope of applicable trust agreement provision).

Here, the CBA that Plaintiffs attached to their motion does not mention audits. Am. Mot. Ex. 3. It does incorporate the terms of the relevant trust agreements, *id.* at 13, but Plaintiffs did not submit copies of those agreements or point the Court to any provisions of them that give Plaintiffs the right to audit Defendant's accounts. The Court cannot determine the scope of any agreement-based right to an audit. Nor have Plaintiffs specified which of Defendant's accounts they seek to audit. While Plaintiffs recite a portion of Federal Rule of Civil Procedure 55(b)(2) that references an accounting, they cite no similar cases in which an audit or an accounting was ordered against an employer in default absent a provision in an applicable underlying agreement between the parties. Alternatively, Plaintiffs have not fully briefed the issue the Ninth Circuit left

unresolved in *Santa Monica Culinary Welfare Fund*: whether ERISA independently gives them the right to an audit. On the information before it, the Court declines to order an accounting and finds it unnecessary to address the *Eitel* factors.[1] This decision is without prejudice as to a future motion that addresses the deficiencies outlined above.

**CONCLUSION**

Plaintiffs' Amended Motion for Default Order to Compel Accounting [15] and Motion for Default Order to Compel Accounting [9] are DENIED.

IT IS SO ORDERED.

DATED: December 30, 2022 .

MARCO A. HERNÁNDEZ
United States District Judge

---

[1] The Court also notes that "a defaulted defendant should be treated as a non-party," and can be commanded to produce documents pursuant to a properly issued subpoena. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010); Fed R. Civ. P. 45.