IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REGIONAL LOCAL UNION NOS. 846 and 847, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO; REGIONAL DISTRICT COUNCIL WELFARE PLAN AND TRUST, *f/k/a LOCAL 846 REBAR WELFARE TRUST*, By and Through Its Board of Trustees; REGIONAL DISTRICT COUNCIL RETIREMENT PLAN AND TRUST, *f/k/a REBAR RETIREMENT PLAN AND TRUST*, By and Through Its Board of Trustees; REGIONAL DISTRICT COUNCIL TRAINING TRUST, *f/k/a LOCAL 846 TRAINING TRUST*, By and Through its Board of Trustees; REGIONAL DISTRICT COUNCIL VACATION TRUST FUND, *f/k/a LOCAL 846 VACATION TRUST*, By and Through Its Board of Trustees,

                Plaintiffs,

v.

LSRI, LLC d/b/a Lone Star Rebar Installers, a Texas Limited Liability Company,

                Defendant.

No. 3:22-cv-01473-HZ

ORDER

1 – ORDER

Cary R. Cadonau
Brownstein Rask
1 SW Columbia Street, Suite 900
Portland, OR 97204

Michael A. Evans
Hartnett Reyes-Jones, LLC
4399 Laclede Avenue
St. Louis, MO 63108

      Attorneys for Plaintiffs

HERNÁNDEZ, District Judge:

      Plaintiffs move for $1,254.16 in attorney fees incurred in filing their Motion for Contempt. ECF 25. Defendant has not appeared or disputed the motion. For the following reasons, the Court grants the motion.

      On June 21, 2023, the Court ordered Defendant to show cause as to why it should not be held in contempt of court. ECF 21. On July 7, 2023, the Court held a show cause hearing. ECF 23. The Court found Defendant in contempt of court for failing to comply with this Court's Order of February 5, 2023, to provide certain documents to Plaintiffs to facilitate an audit. ECF 23, 24. The Court awarded Plaintiffs the attorney fees incurred in bringing their motion and directed counsel for Plaintiffs to file an accounting of fees incurred. *Id.*

      The district court may award attorney fees as a sanction for civil contempt. *Harcourt Brace Jovanovich Legal & Pro. Publications, Inc. v. Multistate Legal Stud., Inc.*, 26 F.3d 948, 953 (9th Cir. 1994). If the party bringing and prosecuting contempt proceedings prevails, that party may recover its costs and fees incurred in so doing. *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014). In general, when reviewing a motion for attorney fees, the district court must determine what fee is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To do so, the court should calculate "the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate." *Id. See also Omnigen Rsch., LLC v. Wang*, No. 6:16-CV-268-MC, 2019 WL 13299499, at *1 (D. Or. Feb. 27, 2019) (applying this approach in determining reasonable attorney fees for contempt proceedings). There is a "strong presumption" that this figure represents a reasonable fee. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). "The prevailing market rate in the community is indicative of a reasonable hourly rate." *Id.* "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

Plaintiffs state that they incurred $1,254.16 in attorney fees in filing their motion for contempt. Pl. Mot. 2. Michael Evans, counsel for Plaintiffs, states that he and associate Daniel Sparks "performed a total of 4.48 hours of services regarding the filing of plaintiffs' motion for contempt." *Id.* Evans Aff. ¶ 4. Counsel's firm bills Plaintiffs at $285 per hour. *Id.* ¶ 3. Counsel provides an accounting of fees and costs reflecting a total bill of $1,254.16. *Id.* Ex. 1.

The Court concludes that the requested fee is reasonable. The 4.48 hours expended cover drafting the motion and memorandum in support, reviewing the Court's order setting the show cause hearing, serving the show cause order on Defendant and filing proof of service, preparing for and attending the show cause hearing, and reviewing the Court's order granting the Motion for Contempt and corresponding with Defendant about the case. *Id.* All of this work was reasonably necessary, and the hours are not excessive.

The billing rate of $285 per hour is also reasonable. The relevant community is Oregon. Courts in this District usually rely on the most recent Oregon State Bar Economic Survey to determine whether a billing rate is reasonable. *See Anderson v. Ross Island Sand & Gravel Co.*, No. 3:18-CV-00898-SB, 2018 WL 5993581, at *3 (D. Or. Oct. 24, 2018), *findings and*

3 – ORDER

*recommendation adopted*, No. 3:18-CV-00898-SB, 2018 WL 5985671 (D. Or. Nov. 12, 2018). The most recent survey reports that the mean hourly billing rate for lawyers in private practice in the state in 2021 was $344 per hour, and the median was $325 per hour. *Oregon State Bar 2022 Economic Survey* 42 (March 2023), available at https://www.osbar.org/_docs/resources/ Econsurveys/ 22EconomicSurvey.pdf. Counsel's rate of $285 per hour is reasonable.

## CONCLUSION

The Court GRANTS Plaintiffs' Motion for Attorney Fees [25]. Defendant is directed to pay Plaintiffs $1,254.16 in attorney fees.

IT IS SO ORDERED.

DATED:   August 22, 2023   .

                                                     *Marco Hernandez*
                                                    MARCO A. HERNÁNDEZ
                                                    United States District Judge