IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REGIONAL LOCAL UNION NOS. 846 and
847, International Association of Bridge,
Structural, Ornamental and Reinforcing
Iron Workers, AFL-CIO; REGIONAL
DISTRICT COUNCIL WELFARE PLAN AND
TRUST, *f/k/a LOCAL 846 REBAR WELFARE
TRUST*, By and Through Its Board of Trustees;
REGIONAL DISTRICT COUNCIL RETIREMENT
PLAN AND TRUST, *f/k/a REBAR RETIREMENT
PLAN AND TRUST*, By and Through Its Board of
Trustees; REGIONAL DISTRICT COUNCIL
TRAINING TRUST, *f/k/a LOCAL 846 TRAINING
TRUST*, By and Through its Board of Trustees;
REGIONAL DISTRICT COUNCIL VACATION
TRUST FUND, *f/k/a LOCAL 846 VACATION
TRUST*, By and Through Its Board of Trustees,

No. 3:22-cv-01473-HZ

OPINION & ORDER

     Plaintiffs,

v.

LSRI, LLC d/b/a Lone Star Rebar Installers, a
Texas Limited Liability Company,

     Defendant.

1 – OPINION & ORDER

Cary R. Cadonau
Brownstein Rask
1 SW Columbia Street, Suite 900
Portland, OR 97204

Michael A. Evans
Hartnett Reyes-Jones, LLC
4399 Laclede Avenue
St. Louis, MO 63108

     Attorneys for Plaintiffs

HERNÁNDEZ, District Judge:

     Defendant LSRI, LLC, has been in contempt of Court since July 7, 2023. ECF 24. The Court awarded Plaintiffs attorney fees and imposed a fine of $200 per day on Defendant for each day Defendant fails to comply with the Court's February 5, 2023, Order to produce its books and records for an audit to enforce Plaintiffs' rights under the Employee Retirement Income Security Act ("ERISA"). *Id.* Plaintiffs state that Defendant still has not complied with the Court's February 5 Order, and therefore move for the arrest of Defendant's principal in order to obtain compliance. Pl. Renewed Mot. for Contempt, ECF 28. The Court grants the Motion.

## BACKGROUND

     As relevant here, Plaintiffs filed this lawsuit to uphold the Employee Benefit Plan Plaintiffs' rights under ERISA, 29 U.S.C. § 1001 *et seq.* The Complaint alleges that Defendant failed to submit reports or contribute to the Employe Benefit Plans as required under ERISA. Compl. ¶¶ 15-23. The Complaint further alleges that the amounts owed cannot be determined without an audit of Defendant's records. *Id.* ¶ 24. Defendant was served on October 6, 2022. Am. Affidavit of Personal Service, ECF 13. Defendant has failed to appear. The Court entered default at Plaintiffs' request on December 2, 2022. ECF 16. Accordingly, the factual allegations relating to liability are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The

general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

On February 5, 2023, the Court granted in part Plaintiffs' Second Amended Motion for Default Order to Compel Accounting. Op. & Ord., ECF 19. The Court ordered Defendant "to submit the following documents for an audit by auditors selected by the Employee Benefit Plan Plaintiffs within 30 days of the date of entry of this Opinion and Order: all of its books, ledgers, payroll records, cash disbursement ledgers, bank statements, and other documents reflecting or pertaining to all hours worked by and wages paid to Defendant's employees from February 21, 2022, to the present." *Id.* at 7.

On May 1, 2023, Plaintiffs moved that Defendant be held in contempt for failing to comply with the Court's February 5 Order. ECF 20. The Court noticed a Show Cause Hearing on June 21, 2023, and ordered Plaintiffs to serve the Court's February 5 Order, the Motion for Contempt, and the Notice of the Show Cause Hearing on Defendant. ECF 21. Defendant did not appear at the Show Cause Hearing on July 7, 2023. ECF 23. The Court found Defendant in contempt, imposed a compliance fine of $200 per day, and awarded Plaintiffs attorney fees. Order of Contempt, ECF 24.

On October 4, 2023, Plaintiffs filed the present Motion, stating that they "now seek the arrest of Defendant's principal as a last resort to obtain Defendant's compliance with this Court's Order." Pl. Renewed Mot. Contempt 2. The Court ordered Plaintiffs to personally serve their Motion and the Court's Order of Contempt on Defendant's principal. ECF 30. On October 24, 2023, Plaintiffs submitted proof that on October 18, 2023, they personally served these documents on Rosalio "Leo" Castro, President and CEO of Defendant, at his place of business in Burleson, Texas. ECF 31.

**STANDARDS**

The Supreme Court has held that incarceration may be an appropriate sanction for civil

contempt under some circumstances. *Shillitani v. United States*, 384 U.S. 364, 366-68 (1966)

(holding that judgments imposing conditional imprisonment on witnesses for failure to answer

questions before a grand jury reflected civil contempt proceedings). *See also S.E.C. v. Elmas

Trading Corp.*, 824 F.2d 732, 732 (9th Cir. 1987) (holding that incarceration of appellant for

failure to account for funds and produce records relating to assets was a civil contempt sanction

because the purpose was to coerce the appellant into producing those documents). The

contemnor must be able to avoid the sentence or purge it by agreeing to comply with the original

court order he or she was found to have violated. *Hicks on Behalf of Feiock v. Feiock*, 485 U.S.

624, 635 n.7 (1988). District courts in the Ninth Circuit have ordered arrest as a sanction for civil

contempt where lesser sanctions failed to induce the contemnor to comply with a court order.

*E.g.*, *United States v. Gillies*, No. CV-11-3623 CW MEJ, 2013 WL 968244, at *3 (N.D. Cal.

Feb. 22, 2013), *report and recommendation adopted*, No. C 11-03623 CW, 2013 WL 968231

(N.D. Cal. Mar. 12, 2013) (ordering arrest of defendant for failure to comply with IRS summons

after defendant failed to respond to monetary sanctions or four additional letters from the

government seeking compliance).

**DISCUSSION**

Plaintiffs state that Defendant has not complied with the Court's February 5, 2023, Order

directing Defendant to submit certain documents to an auditor. Pl. Renewed Mot. for Contempt

2. Counsel for Plaintiffs states that on July 10, 2023, he sent a letter enclosing the Court's

Contempt Order to Defendant via certified mail. Pl. Mem. 2, Ex. 1, Ex. 4 ("Evans Aff.") ¶ 3.

Counsel sent a second letter enclosing the Court's Contempt Order to Defendant via certified

mail on August 10, 2023. Pl. Mem. Ex. 2, Evans Aff. ¶ 4. On August 31, 2023, counsel sent a

letter via certified mail to Defendant's principal, Leo Castro, advising him that Plaintiffs would

seek Mr. Castro's arrest if he did not comply with the Court's February 5 Order. Pl. Mem. Ex. 3,

Evans Aff. ¶ 5. Defendant did not contact Plaintiffs' counsel or accounting firm or produce any

of the documents necessary for the audit. Evans Aff. ¶¶ 6-7. Plaintiffs also personally served

their Motion and the Court's Order of Contempt on Mr. Castro on October 18, 2023.

       The Court concludes that monetary sanctions have not been effective in inducing

Defendant to comply with the Court's February 5 Order. Therefore, arrest of Defendant's

principal for failure to comply with that Order is appropriate to induce compliance. *See United

States v. Laurins*, 857 F.2d 529, 535 (9th Cir. 1988) ("An order to a corporation binds those who

are legally responsible for the conduct of its affairs."); *N.L.R.B. v. Goodsell & Vocke, Inc.*, 645

F.2d 680, 681 (9th Cir. 1981) (reserving jurisdiction to issue writ of body attachment against

agents or officers of defendant for failure to comply with court order). The record indicates that

Leo Castro is Defendant's principal. Compl. Ex. A at 18 (signature page of CBA showing that

Leo Castro is the "President & CEO" of Defendant). In their proof of service, Plaintiffs assert

that Mr. Castro is President and CEO of Defendant. The Court will therefore order the arrest of

Mr. Castro as a civil sanction for contempt of the Court's February 5, 2023, Order. Mr. Castro

may avoid or purge this sanction by producing the documents required for an audit.

       The order of arrest may be served and enforced in any district in the United States

because the Court issued its February 5, 2023, Order to enforce Plaintiffs' rights under ERISA.

"An order committing a person for civil contempt of a decree or injunction issued to enforce

federal law may be served and enforced in any district." Fed. R. Civ. P. 4.1(b). While the Ninth

Circuit has not interpreted this provision, most district courts addressing the issue have held that

an order of commitment for civil contempt may be served and enforced in any district if the underlying claims arise under federal law. *See e.g.*, *Hoy v. Aloha Parasail, Inc.*, No. 18-62122-CIV, 2021 WL 7540779, at *2 (S.D. Fla. Jan. 8, 2021), *report and recommendation approved*, No. 18-62122-CIV, 2021 WL 7540773 (S.D. Fla. Feb. 10, 2021) (order holding defendant in civil contempt could be served and enforced in any district because plaintiff's claims arose under the Fair Labor Standards Act); *Cement Masons Loc. 527 v. Palazzolo Constr., LLC*, No. 4:16-CV-1437 NAB, 2018 WL 11374768, at *1-*2 (E.D. Mo. July 27, 2018) (order holding defendant in civil contempt could be served and enforced in any district because plaintiff's claims arose under ERISA); *Conroy v. Marianne's Roofing Co. LLC*, No. 18-CV-436 (JRT/SER), 2018 WL 3118438, at *4 n.4 (D. Minn. June 4, 2018), *report and recommendation adopted*, No. CR 18-436 (JRT/SER), 2018 WL 3118297 (D. Minn. June 25, 2018) (same). The Fifth and Tenth Circuits appear to have followed the same interpretation in non-precedential decisions. *See* *S.E.C. v. Res. Dev. Int'l L.L.C.*, 86 F. App'x 14, 15 (5th Cir. 2003) (district court's civil contempt orders could be served and enforced in any district because they were issued to enforce federal securities law); *ClearOne, Inc. v. Chiang*, No. 20-4105, 2021 WL 2879015, at *1 (10th Cir. July 9, 2021). The Court may therefore order the arrest of Mr. Castro in Texas.

//

//

//

//

//

//

//

**CONCLUSION**

Plaintiffs' Renewed Motion for Contempt [28] is GRANTED. The Court will order the arrest of Rosalio "Leo" Castro for civil contempt. Plaintiffs are instructed to personally serve a copy of this Opinion and Order on Mr. Castro and file proof of service.

IT IS SO ORDERED.


DATED:   December 1, 2023   .



_____
MARCO A. HERNÁNDEZ
United States District Judge