IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REGIONAL LOCAL UNION NOS. 846 and 847, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO; REGIONAL DISTRICT COUNCIL WELFARE PLAN AND TRUST, *f/k/a LOCAL 846 REBAR WELFARE TRUST*, By and Through Its Board of Trustees; REGIONAL DISTRICT COUNCIL RETIREMENT PLAN AND TRUST, *f/k/a REBAR RETIREMENT PLAN AND TRUST*, By and Through Its Board of Trustees; REGIONAL DISTRICT COUNCIL TRAINING TRUST, *f/k/a LOCAL 846 TRAINING TRUST*, By and Through its Board of Trustees; REGIONAL DISTRICT COUNCIL VACATION TRUST FUND, *f/k/a LOCAL 846 VACATION TRUST*, By and Through Its Board of Trustees,

No. 3:22-cv-01473-HZ

OPINION & ORDER

     Plaintiffs,

v.

LSRI, LLC d/b/a Lone Star Rebar Installers, a Texas Limited Liability Company,

     Defendant.

1 – OPINION & ORDER

Cary R. Cadonau
Brownstein Rask
1 SW Columbia Street, Suite 900
Portland, OR 97204

Michael A. Evans
Hartnett Reyes-Jones, LLC
4399 Laclede Avenue
St. Louis, MO 63108

      Attorneys for Plaintiffs

HERNÁNDEZ, District Judge:

      Plaintiff labor unions and employee benefit plans move for default judgment against Defendant LSRI, LLC, on their claims for unpaid fringe benefit contributions and union dues. Def. Mot., ECF 39. Defendant is in default and has not appeared. For the following reasons, the Court grants Plaintiffs' Motion in part and denies it in part without prejudice.

## BACKGROUND

      Plaintiffs' Complaint alleges violations of provisions of a collective bargaining agreement ("CBA") between the Labor Union Plaintiffs and Defendant. ECF 1. CBAs are governed by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.* The Employee Benefit Plan Plaintiffs are organized under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Compl. ¶¶ 2-5. Plaintiffs allege that Defendant has failed to make required contributions to the Employee Benefit Plan Plaintiffs and failed to remit check-off amounts of union dues to the Labor Union Plaintiffs as required by the CBA. *Id.* ¶¶ 15-34. The Complaint further alleges that the amounts owed cannot be determined without an audit of Defendant's records. *Id.* ¶¶ 24, 32.

      In signing the CBA, Defendant agreed to make timely contributions to the specified fringe benefit funds. Compl. Ex. A (CBA) at 11-12. Failure to make remittances to the fringe

benefit funds by the fifteenth day of the month following the month in which the work was performed results in accrual of interest at 0.59% per month for all unpaid balances, as well as accounting and auditing fees. *Id.* at 13. The terms of the trust agreements are incorporated into the CBA. *Id.* Two of the trust agreements governing the employee benefit plans require employers who do not timely contribute to pay liquidated damages equal to 20% of the unpaid contributions. Winter Aff. Ex. 2 at 11, ECF 18-4 (Welfare Trust); Ex. 3 at 11, ECF 18-5 (Retirement Plan and Trust). The collection policy covering the Employee Benefit Fund Plaintiffs also provides for 20% in liquidated damages. Winter Aff. Ex. 7 at 1, ECF 18-9. The CBA requires the employer to contribute to the Ironworker Management Progressive Action Cooperative Trust ("IMPACT") at specified rates (either $0.14 per hour worked or $0.23 per hour worked). Compl. Ex. A at 14. The CBA requires employers to check-off union dues from employees' wages each month in the amount specified by the union's bylaws. *Id.* at 15.

Defendant was served on October 6, 2022. Am. Aff. of Personal Service, ECF 13. Defendant failed to appear. The Court entered default at Plaintiffs' request on December 2, 2022. ECF 16. Accordingly, the factual allegations relating to liability are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

On February 5, 2023, the Court granted in part Plaintiffs' Second Amended Motion for Default Order to Compel Accounting. Op. & Ord., ECF 19. The Court ordered Defendant "to submit the following documents for an audit by auditors selected by the Employee Benefit Plan Plaintiffs within 30 days of the date of entry of this Opinion and Order: all of its books, ledgers, payroll records, cash disbursement ledgers, bank statements, and other documents reflecting or

pertaining to all hours worked by and wages paid to Defendant's employees from February 21, 2022, to the present." *Id.* at 7. Defendant failed to comply with this order for months, leading Plaintiffs to move that it be held in contempt and ultimately for the Court to order the arrest of Defendant's principal as a sanction for civil contempt after monetary sanctions proved ineffective. *See* ECF 20, 24, 32. Within three weeks after the Court issued a civil arrest warrant, Plaintiffs moved to stay the contempt proceedings because Defendant had agreed to an audit. ECF 34. The audit was completed, and Plaintiffs then filed the present Motion for Default Judgment.

## STANDARDS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If the plaintiff's claim is not for a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

*Id.* A default judgment for money may be entered without a hearing if the amount claimed is a liquidated sum or capable of mathematical calculation. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

The decision to grant an application for default judgment is within the district court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Courts in the Ninth Circuit generally consider the following factors:

4 – OPINION & ORDER

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

## DISCUSSION

The Court concludes that the *Eitel* factors favor entry of default judgment. Plaintiffs have shown that they are entitled to the damages sought. Because the amounts are either liquidated damages or capable of mathematical calculation, the Court need not hold a hearing. The Court therefore grants Plaintiffs' Motion as to damages. However, Plaintiffs have not provided adequate documentation to support their request for attorney fees and litigation costs, so the Court will deny the Motion without prejudice as to attorney fees and costs.

**I.  Jurisdiction and Venue**

This Court has jurisdiction over Defendant. Judgment can be entered only against a defendant over whom the court has personal jurisdiction. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). Defendant was properly served with process. ECF 13. Venue is proper pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2) because the Trust Funds are administered in Portland, Oregon, and the Local Unions' working assessments are processed in Portland, Oregon. Compl. ¶¶ 11-12. And the Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 1132(e)(1) (ERISA) and 29 U.S.C. §§ 185(a) and (c) (LMRA). The Court may enter default judgment against Defendant.

## II. *Eitel* Factors

The *Eitel* factors favor entry of default judgment. First, Plaintiffs will be prejudiced if their motion is not granted because they have no other means to recover the unpaid contributions. Second, Plaintiffs' claim is meritorious because, as explained below, they have shown they are entitled to the damages sought. Third, the Complaint is sufficient to establish that Plaintiffs are entitled to the relief sought. Fourth, the sum of money at stake is low and is capable of mathematical calculation, reducing the risk of prejudice to Defendant. Fifth, the possibility of a dispute on the material facts is slim because the well-pleaded allegations in the Complaint are taken as true based on Defendant's default, and the record shows that Plaintiffs are entitled to the relief they seek under the terms of the relevant agreements. Sixth, there is no evidence that default was due to excusable neglect, as Defendant's principal was personally served with process and ultimately cooperated with an audit of Defendant's books and records based on this Court's orders. Finally, while the Federal Rules strongly favor a decision on the merits, Defendant has chosen not to appear or contest the merits of this case. The *Eitel* factors favor entry of default judgment. The Court next evaluates the amounts sought.

## III. Unpaid Fringe Benefit Contributions

Under ERISA, Plaintiffs are entitled to damages covering the amount of the unpaid contributions to the Trust Funds, interest on the unpaid contributions, and liquidated damages.

ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

6 – OPINION & ORDER

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of—
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

29 U.S.C. § 1132(g)(2). Liquidated damages may be recovered "when (1) the fiduciary obtains a judgment in favor of the plan, (2) *unpaid* contributions exist at the time of suit, and (3) the plan provides for liquidated damages." *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989).

Based on the payroll audit performed, the Employee Benefit Plan Plaintiffs have shown they are entitled to $607.75 in unpaid fringe benefit contributions, $31.17 in IMPACT contributions, $825.57 in interest on the unpaid fringe benefit contributions, and $1,732.23 in liquidated damages based on the unpaid fringe benefit contributions. Pl. Mot. Ex. 3 (Payroll Audit Report) at 4, ECF 39-3.

The Employee Benefit Plan Plaintiffs also seek to recover $9,383.75 in accounting fees that will be billed to them. *Id.* Ex. 2 (Vivirito Aff.), ECF 39-2. The Court previously held that the agreements governing the Employee Benefit Plan Plaintiffs entitled them to an audit. Op. & Ord. 3-4, ECF 19. The provisions of the agreements creating the right to an audit or payroll examination also provide that if the examination reveals that the employer has not been making

7 – OPINION & ORDER

full payment as agreed, the employer will pay the cost of the examination. Winter Aff. Ex. 2 at 18, ECF 18-4 (Welfare Trust); Ex. 3 at 18-19, ECF 18-5 (Retirement Plan and Trust); Ex. 4 at 19, ECF 18-6 (Training Trust). The payroll examination revealed that Defendant did not make full payment as agreed. Plaintiffs have shown that they have a right to recover the cost of the payroll accounting. Other district courts have awarded audit or accounting fees where trust agreements under ERISA provided that the employer would pay the fees. *E.g.*, *Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. B. Witt Concrete Cutting, Inc.*, 685 F. Supp. 2d 1158, 1164 (D. Nev. 2010).

### IV.     Unpaid Union Dues

Based on the audit, the Labor Union Plaintiffs seek $318.62 in unpaid union dues. Pl. Mot. Ex. 3 at 4. This claim arises under the LMRA as a violation of the CBA. As stated above, the CBA requires Defendant to check off union dues from employees' wages each month. The Labor Union Plaintiffs have shown they are entitled to the unpaid dues. Other courts in this district have awarded unpaid union dues under similar circumstances. *E.g.*, *Trustees of Glaziers, Architectural Metal & Glass Workers Joint Apprenticeship & Journeyman Training Fund v. Coast Mirror Co., Inc.*, No. 3:22-CV-00022-MO, 2023 WL 1860823, at *3 (D. Or. Feb. 8, 2023); *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. John Craig Plumbing LLC*, No. 03:11-CV-01325-HU, 2012 WL 1965691, at *2 (D. Or. Mar. 27, 2012), *findings and recommendation adopted*, 2012 WL 1969046 (D. Or. May 25, 2012).

### V.      Attorney Fees and Costs

Plaintiffs seek $11,339.26 in attorney fees and $947.12 in costs. Pl. Mem. 3. They are entitled to seek these fees and costs, but the Court will not award them at this time. In general, when reviewing a motion for attorney fees, the district court must determine what fee is

8 – OPINION & ORDER

reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To do so, the court should calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* There is a "strong presumption" that this figure represents a reasonable fee. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (internal quotations omitted).

Plaintiffs rely on an affidavit from counsel to establish their costs and fees. Evans Aff., ECF 39-11. With respect to attorney fees, the Court agrees that the rates sought are reasonable. *Id.* ¶¶ 6-7. But the affidavit does not provide enough detail about the time expended on the tasks listed, so there is no way for the Court to determine whether the hours were reasonably expended. *See id.* ¶ 5. Plaintiffs include in their request for fees the amount the Court previously awarded based on their contempt motion. *See* ECF 26. The Court directs Plaintiffs to submit a log detailing the hours worked on the tasks for which fees are sought, the dates on which those tasks were performed, the rate at which each task was billed, and who performed the work. In this log, Plaintiffs should indicate which hours billed are those for which fees were already awarded.

With respect to costs, the Court agrees with Plaintiffs that it is appropriate to take judicial notice of costs reflected in the docket. Evans Aff. ¶ 9. Plaintiffs have not provided documentation of their other costs, in particular the process server fees, for the Court to assess their reasonableness. The Court directs Plaintiffs to file a bill of costs within 14 days after entry of judgment, consistent with Local Rule 54.

//
//
//
//

9 – OPINION & ORDER

## CONCLUSION

Plaintiffs' Motion for Default Judgment [39] is GRANTED as to damages and accounting costs and DENIED WITHOUT PREJUDICE as to attorney fees and litigation costs. Plaintiffs may submit a motion for attorney fees and bill of costs consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED: _____July 8, 2024_____.

MARCO A. HERNÁNDEZ
United States District Judge

10 – OPINION & ORDER