IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REGIONAL LOCAL UNION NOS. 846 and
847, International Association of Bridge,
Structural, Ornamental and Reinforcing
Iron Workers, AFL-CIO; REGIONAL
DISTRICT COUNCIL WELFARE PLAN AND
TRUST, *f/k/a LOCAL 846 REBAR WELFARE
TRUST*, By and Through Its Board of Trustees;
REGIONAL DISTRICT COUNCIL RETIREMENT
PLAN AND TRUST, *f/k/a REBAR RETIREMENT
PLAN AND TRUST*, By and Through Its Board of
Trustees; REGIONAL DISTRICT COUNCIL
TRAINING TRUST, *f/k/a LOCAL 846 TRAINING
TRUST*, By and Through its Board of Trustees;
REGIONAL DISTRICT COUNCIL VACATION
TRUST FUND, *f/k/a LOCAL 846 VACATION
TRUST*, By and Through Its Board of Trustees,

No. 3:22-cv-01473-HZ

OPINION & ORDER

                    Plaintiffs,

v.

LSRI, LLC d/b/a Lone Star Rebar Installers, a
Texas Limited Liability Company,

                    Defendant.

Cary R. Cadonau
Brownstein Rask
1 SW Columbia Street, Suite 900
Portland, OR 97204

Michael A. Evans
Hartnett Reyes-Jones, LLC
4399 Laclede Avenue
St. Louis, MO 63108

      Attorneys for Plaintiffs

HERNÁNDEZ, District Judge:

      Plaintiff labor unions and employee benefit plans move for attorney fees and costs following the Court's entry of default judgment. ECF 42, 43. Defendant is in default and has not appeared. For the following reasons, the Court grants Plaintiffs' Motion for Attorney Fees and Bill of Costs in part and denies them in part.

## BACKGROUND

      Plaintiffs' Complaint alleged violations of provisions of a collective bargaining agreement ("CBA") between the Labor Union Plaintiffs and Defendant. ECF 1. CBAs are governed by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.* The Employee Benefit Plan Plaintiffs are organized under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Compl. ¶¶ 2-5. Plaintiffs alleged that Defendant failed to make required contributions to the Employee Benefit Plan Plaintiffs and failed to remit check-off amounts of union dues to the Labor Union Plaintiffs as required by the CBA. *Id.* ¶¶ 15-34. The Complaint further alleged that the amounts owed could not be determined without an audit of Defendant's records. *Id.* ¶¶ 24, 32.

      Defendant failed to appear, and the Court entered default against it. On July 8, 2024, the Court entered default judgment for Plaintiffs after a payroll examination showed that Defendant

owed unpaid fringe benefit contributions and union dues. Op. & Ord., ECF 40. The Court instructed Plaintiffs to provide more complete information on their billing and costs to show that they were entitled to attorney fees and costs. *Id.* at 9. In their present Motions, Plaintiffs have provided the requested information.

## DISCUSSION

The Court concludes that Plaintiff's Bill of Costs should be allowed in part, that Plaintiffs are entitled to most but not all of the attorney fees they request, and that some of Plaintiff's non-taxable costs should be awarded as part of the attorney fee award.

### I.    Costs

Plaintiffs seek $947.12 in costs. Bill of Costs, ECF 43. "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). That discretion, however, is confined to the categories of recoverable costs enumerated at 28 U.S.C. § 1920. *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 176 (9th Cir. 1990).

Plaintiffs seek to recover the $402 filing fee. Pl. Mot. Fees Ex. 1, Evans Aff. ¶ 12, ECF 42-1. This cost is recoverable. Plaintiffs also incurred $236 in process server fees for three separate services: service of the summons and complaint as well as personal service on Defendant's principal of the motion for contempt and arrest warrant as ordered by the Court. These costs are also recoverable under the statute. *See Alflex Corp.*, 914 F.2d at 177 (fees for private service of process are taxable).

Plaintiffs also seek to recover $300 for a pro hac vice filing fee and $9.12 for postage for certified mailings to the Secretary of Labor and Secretary of the Treasury pursuant to 29 U.S.C. § 1132(h). Evans Aff. ¶ 12. Neither of these costs is taxable under § 1920. *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (pro hac vice fee not taxable under § 1920); *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (treating postage as a non-taxable cost).

The Court therefore allows Plaintiff's Bill of Costs in the amount of $638. The Court will consider whether the non-taxable costs may be recovered under ERISA as part of the attorney fee award. *See Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1257-59 (9th Cir. 2006) (approving award of non-taxable costs under ERISA).

## II. Attorney Fees and Nontaxable Costs

ERISA provides for recovery of "reasonable attorney's fees and costs of the action" in a claim for unpaid fringe benefit contributions. 29 U.S.C. § 1132(g)(2).[1] When reviewing a motion for attorney fees, the district court must determine what fee is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To do so, the court should calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* There is a "strong presumption" that this figure represents a reasonable fee. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (internal quotations omitted).

Plaintiffs seek $11,339.26 in attorney fees. Pl. Mot. 2. Attorneys Michael Evans and Daniel Sparks billed at a rate of $255 per hour from September 2022 through February 2023. Evans Aff. ¶ 9. They billed at a rate of $285 per hour from March 2023 through February 2024,

---

[1] The Court need not address fee awards for claims under the LMRA because it perceives no hours worked that pertain only to the claims under the LMRA.

and $290 per hour from February 2024 to the present. *Id.* Attorney Cary Cadonau billed at $250 per hour between September 2022 and May 2024, and $290 per hour from June 2024 to the present. *Id.* ¶ 10. The Court previously found these rates reasonable. Op. & Ord. 9. The median rate for an attorney working in employment law in downtown Portland was $420 per hour in 2021. Oregon State Bar 2022 Economic Survey, Report of Findings at 46, https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf. Counsel's rates are well below the median.

Plaintiffs enclose a log of hours showing that Mr. Evans spent 34.66 hours working on this matter, Mr. Sparks spent 8 hours working on this matter, and Mr. Cadonau spent 2 hours working on this hour. Pl. Mot. Exs. 2-3. The Court has reviewed the time billed and the work performed and concludes that counsel's hours are, for the most part, reasonable in light of the course of proceedings. As the Court discussed in granting default judgment, this case involved multiple motions for orders for accounting and contempt proceedings after Defendant failed to comply with the Court's order granting an accounting. Op. & Ord. 3-4.

The Court concludes, however, that attorney fees should not be awarded for time spent on the pro hac vice admission application. As another district court observed several years ago, courts have taken different views on whether fees may be recovered for such work and, if so, whether they may be recovered at the attorney rate or the paralegal rate. *Radich v. Guerrero*, No. 1:14-CV-00020, 2016 WL 5109151, at *3 (D. N. Mar. I. Sept. 20, 2016). In *Radich*, the district court compensated work preparing the pro hac vice application at a reduced rate because it did not require legal skill. *Id.* at *4. The *Radich* court also found that the attorney who appeared pro hac vice was necessary because local counsel in the Northern Mariana Islands was either unqualified or unwilling to take on the legal issues in the case. *Id.* at *3. The Court agrees with

*Radich* that the attorney billing rate is not appropriate for filling out the pro hac vice application. Further, Plaintiffs provide no reason why local counsel was inadequate. The Motion represents that local counsel has over 20 years of legal experience and has represented labor organizations and affiliated employee benefit plans in state and federal courts. Evans Aff. ¶ 5. Because Plaintiffs have not shown that time spent on pro hac vice admission was reasonably expended in this case, the Court will reduce counsel's hours to exclude such work. The Court concludes that 0.5 hours of Mr. Evans' time should be excluded at the rate of $255 per hour. *See* Evans Aff. Ex. 1 at 1, ECF 42-2. And 0.25 hours of Mr. Cadonau's time should be excluded at $250 per hour. Evans Aff. Ex. 2. In total, the Court reduces the requested fees by $190. The requested fees are otherwise reasonable.

In sum, the Court awards Plaintiffs $11,149.26 in attorney fees. This amount includes the amount the Court previously awarded Plaintiffs in connection with their motion for contempt. Order, ECF 26. This Opinion and Order supersedes that Order and covers Plaintiffs' complete award of attorney fees in this case.

The Court also concludes that the postage fee of $9.12 should be included in the award of nontaxable costs under ERISA. Plaintiffs necessarily incurred this expense as part of filing the case. *See* 29 U.S.C. § 1132(h). To the extent any of the service fees taxed above are not taxable, the Court finds in the alternative that they should be awarded as nontaxable costs. However, the Court concludes that the $300 fee for pro hac vice admission should not be awarded. As noted above, local counsel has years of experience representing labor organizations and employee benefit plans in similar matters. It is unclear why affiliate counsel was necessary in this case. *See Atl. Recording Corp. v. Andersen*, No. CV 05-933 AC, 2008 WL 2536834, at *20 (D. Or. June 24, 2008) (denying pro hac vice cost because it was unclear why the cost was necessary to incur

where the senior attorneys on the case were members of the Oregon Bar); *Steinbeck v. Kaffaga,*
*No. CV1408681TJHJCX, 2016 WL 6025493, at \*2 (C.D. Cal. Feb. 18, 2016)* (finding that it
would be unreasonable to award pro hac vice admission fees).

## CONCLUSION

Plaintiffs' Motion for Attorney Fees [42] is GRANTED IN PART. Plaintiffs are awarded
$11,149.26 in attorney fees and $9.12 in non-taxable costs. Plaintiffs' Bill of Costs [43] is
ALLOWED IN PART. The clerk is directed to tax costs in the amount of $638 against
Defendant.

IT IS SO ORDERED.


DATED:    August 7, 2024    .



MARCO A. HERNÁNDEZ
United States District Judge